**W. A. POST and Vivian L. Post,**
**Plaintiffs,**

**v.**

**The UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 8358.**

United States District Court
N. D. Alabama, S. D.

Oct. 15, 1956.

Walter L. Mims, Birmingham, Ala., for plaintiffs.

W. L. Longshore, U. S. Atty., Birmingham, Ala., and Richard M. Roberts, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., for defendant.

LYNNE, Chief Judge.

This cause, having been called for trial, and all parties appearing in open court by their attorneys, was submitted upon the pleadings filed, a written stipulation of facts and oral arguments. And the Court having duly considered the same, hereby makes the following findings of fact and conclusions of law:

### Findings of Fact

The Court adopts the facts set out in the original bill of complaint in this case which were admitted by the answer and the salient facts as stipulated are found to be that plaintiff, W. A. Post, suffered a coronary occlusion in 1953, which resulted in his confinement to a hospital and his home, a rented apartment, for a period of several weeks. He was advised by his physician that he could not climb stairs without serious danger of a reoccurrence of the coronary occlusion and that he should install an elevator in the apartment building from the ground floor to his apartment. Acting on this advice Plaintiff purchased and installed an elevator at a cost of $2,059.15, which sum was not reimbursed to the Plaintiff by insurance or otherwise. Plaintiff was given the right to remove said elevator by the terms of his lease and it was stipulated that due to the simplicity of its design the elevator could be removed with little effort and in less than one day's time. The Director of Internal Revenue refused to allow the cost of the elevator as a "medical expense" as that term is defined by Section 23(x) of the Internal Revenue Code of 1939 as amended, 26 U. S.C.A. § 23(x).

### Conclusions of Law

1. The Court has jurisdiction of the parties and of the cause of action herein. The expense in question was a deductible medical expense as defined by Section 23(x) of the Internal Revenue Code of 1939, as amended.

2. To qualify as a medical expense the expenditure must be for the "diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body * * *." The cost of the elevator to this Plaintiff at a time when his illness was existent and when probable acute reoccurrence was imminent in the absence of skilled and careful treatment by his physician, was an expenditure that

falls squarely within the definition of Section 23(x) of the Internal Revenue Code of 1939. The expense was a part of his cost of "treatment" for the "mitigation" or "prevention" of a reoccurrence of an illness or for the "purpose of affecting" a structure or function of the body. The expenditure was incurred as the direct result of advice of Plaintiff's physicians. It should have been allowed.

### Judgment

It is, therefore, Ordered, Adjudged and Decreed, that the Plaintiffs have and recover from the Defendant, the sum of $992.20, together with interest thereon from date of payment as provided by law, together with the costs of this proceeding.